UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SCOTT JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br><br>HOOMAN SOTOODEH, et al.,<br><br>　　　　Defendants. | Case No. 5:20-cv-06150-EJD<br><br>**ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES**<br><br>Re: Dkt. No. 11 |

Plaintiff Scott Johnson ("Plaintiff") moves to dismiss Defendants Hooman and Helga Sotoodeh's (hereinafter collectively referred to as "Sotoodeh") counterclaim for intentional misrepresentation. Plaintiff contends that the counterclaim must be stricken under California Code of Civil Procedure section 425.16, commonly referred to as California's anti-SLAPP statute. The Court finds it appropriate to take the motion under submission for decision without oral argument pursuant to Civil Local Rule 7-1(b). For the reasons stated below, the Court will grant the motion to strike.

## I.   BACKGROUND[1]

On August 31, 2020, Plaintiff initiated this action against Sotoodeh, asserting violations of the Americans with Disabilities Act ("ADA") and California's Unruh Civil Rights Act. Dkt. No.1, Complaint. Plaintiff seeks injunctive relief under the ADA and damages under the Unruh

---

[1] The Background is a summary of the allegations in the Complaint and Counterclaim.
CASE NO.: 5:20-CV-06150-EJD
ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES

1

Act. *Id*. at 7-8. Plaintiff is a level C-5 quadriplegic who uses a wheelchair for mobility and has a specially equipped van. *Id*. ¶ 1. He alleges that he visited Sotoodeh's real property located at or about 265 Meridian Avenue, San Jose, California, in March 2020 and July 2020 (the "Business Park") "to avail himself of its goods or services motivated in part to determine if the defendants comply with the disability access laws." *Id*. ¶ 8. On the dates of Plaintiff's visit, wheelchair accessible parking was unavailable because a large dumpster was obstructing the access aisle. *Id*. ¶¶ 11-13. In addition, on the dates of Plaintiff's visits, Sotoodeh failed to provide wheelchair accessible entrance door hardware. *Id*. ¶¶ 14-17. Plaintiff "personally encountered these barriers" and was denied full and equal access to the Business Park. *Id*. ¶¶ 18-19. Plaintiff "will return" to the Business Park "to avail himself of its good or services and to determine compliance with the disability access laws" once it is represented to him that the Business Park and its facilities are accessible." *Id*. ¶ 23. "Plaintiff is currently deterred" from returning "because of his knowledge of the existing barriers and his uncertainty about the existence of yet other barriers on the site." *Id*.

On October 20, 2020, Sotoodeh filed an answer and a Counterclaim for intentional misrepresentation. Dkt. No. 10.[2] Sotoodeh alleges that Plaintiff has filed in excess of 4,500 lawsuits under the ADA, and that Plaintiff routinely files boilerplate complaints in federal court to avoid the heightened pleading requires that attach to high-frequency litigants under California Code of Civil Procedure section 425.50. *Id*. ¶¶ 2, 9, 11. The instant lawsuit marks the third time Plaintiff has targeted Sotoodeh and is part of a larger scheme to defraud, extract, and/or extort money settlements from businesses and/or property owners. *Id*. ¶¶ 13, 15, 26. Sotoodeh alleges that the Complaint consists of almost entirely false and/or misleading statements, and that Plaintiff lacks standing to assert an ADA claim. *Id*. ¶ 13-14.

Sotoodeh is emphatic in asserting that Plaintiff did not personally encounter any

---

[2] Although there is only one cause of action in the Counterclaim, Sotoodeh includes references to violations of California's Penal Code and Business and Professions Code, as well as the Rules of Professional Conduct. *Id*. ¶¶ 37, 40, 43, 46, 49, 53.

CASE NO.: 5:20-CV-06150-EJD
ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES
2

United States District Court
Northern District of California

1    architectural barriers that denied him full and equal access and/or full and equal enjoyment of any
2    facilities, services, goods and/or amenities provided by any of the businesses located at the
3    Business Park.  *Id.* ¶ 18.  This is because at the time of Plaintiff's alleged visits, shelter-in-place
4    orders were in effect due to the Covid-19 pandemic.  *Id.* ¶ 27.  And Sotoodeh has submitted sworn
5    statements by the business owners confirming that as of March 16, 2020, the businesses at the
6    Business Park were not open to the public and remained closed through July of 2020 due to the
7    mandated closure of all nonessential business.  Statements of Carlos Ortiz, Tal Davidson, Caprice
8    Cannon, Vanessa Medellin, Trong Ky Le, and Mary Le. (Dkt. No. 12 at 9-15).  There are nine
9    businesses located at the Business Park:  Always Create Tattoo Studio; Pairin Thai Massage;
10   Devine Beauty Studio; Posh Beauty Lounge; Collective Beauty and Barber; Halena Couture;
11   Lucid Illusions Tattoo; I Look Good Hair and Skin; and Tarot Ontagua.  Compl. ¶ 17.  These
12   affidavits also indicate that after reopening, the businesses operated by appointment only.  Dkt.
13   No. 12 at 9-15. Thus, Sotoodeh alleges that Plaintiff had no reason to visit these nonessential
14   businesses located over a hundred miles from his home other than to surveil future targets for
15   ADA suits.  Compl.  ¶¶ 27, 32.
16   Moreover, Sotoodeh alleges on information and belief that Plaintiff never actually visits
17   the businesses he sues and instead uses agents to conduct "field work" outings to scout places for
18   possible ADA violations.  *Id.* ¶ 24.  In the instant case, an able-bodied man moved a dumpster into
19   the access aisle and then photographed the staged scene to match the conditions Plaintiff describes
20   in his Complaint.  *Id.* ¶ 20; *see also*  Statement of Hassan Naddar (Dkt. No. 12 at 8-9).  Sotoodeh
21   believes that at most, Plaintiff drove into or by the parking lot at the Business Park.  Compl.  ¶ 25.

## II.     STANDARDS

A strategic lawsuit against public participation, or SLAPP suit, is one that utilizes the judicial process to "chill or punish a party's exercise of constitutional rights to free speech." *Rusheen v. Cohen*, 37 Cal. 4th 1048, 1055 (2006).  To combat the rise of such antagonistic suits, California Code of Civil Procedure section 425.16 created a "procedure for filing a special motion

CASE NO.:   5:20-CV-06150-EJD
ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL
ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE
FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES
3

1  . . . for the early dismissal of SLAPP suits." *Kibler v. N. Inyo Cty. Local Hosp. Dist.*, 39 Cal. 4th
2  192, 197 (2006), as modified (July 20, 2006).  This special motion to strike is triggered when a
3  party files "[a] cause of action against a person arising from any act of that person in furtherance
4  of the person's right of petition or free speech under the United States Constitution or the
5  California Constitution in connection with a public issue." Cal. Civ. Proc. Code § 425.16(b).
6  "The goal [of section 425.16] is to eliminate meritless or retaliatory litigation at an early stage of
7  the proceedings." *Seelig v. Infinity Broad. Corp.*, 97 Cal. App. 4th 798, 806 (2002).

Courts engage in a two-step process to determine whether the anti-SLAPP statute applies. *JSJ Ltd. P'ship v. Mehrban*, 205 Cal. App. 4th 1512, 1520 (2012).  First, the court determines whether the party moving to strike the suit has made a threshold showing that the challenged cause of action is one arising from protected activity. *Id.* (citing *Taus v. Loftus*, 40 Cal.4th 683, 712 (2007)).  If this showing has been made, the court next considers whether the party asserting the cause of action has demonstrated a probability of prevailing on that cause of action. *Id.*

### III.  DISCUSSION

#### A.  Prong 1:  Protected Activity

The Counterclaim for fraudulent misrepresentation is based on Plaintiff's allegations in support of his ADA and Unruh Act claims.  Plaintiff's pursuit of these claims is protected activity. *Golden State Seafood, Inc. v. Schloss*, 53 Cal. App. 5th 21, 32 (2020) (the filing of complaints for alleged violations of the Unruh Act, Disabled Persons Act and ADA constitutes protected activity).  The first prong of the anti-SLAPP test is satisfied.

#### B.  Prong 2:  Probability of Success

To satisfy the second prong of the anti-SLAPP test, a plaintiff responding to an anti-SLAPP motion must state and substantiate a legally sufficient claim. *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1244 (2005).  Stated differently, the plaintiff, here Counterclaimant Sotoodeh, must demonstrate that the counterclaim is "legally sufficient and supported by a  prima facie showing of facts to sustain a favorable

CASE NO.:   5:20-CV-06150-EJD
ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES

4

1    judgment if the evidence submitted by [Sotoodeh] is credited." *Feldman v. 1100 Park Lane*

2    *Assoc.*, 160 Cal. App. 4th 1467, 1477 (2008). "If the plaintiff fails to carry that burden, the cause

3    of action is 'subject to be stricken under the statute.'" *Id*. at 1478 (quoting *Navellier v. Sletten* , 29

4    Cal.4th 82, 89 (2002)).

5          Here, Sotoodeh cannot meet the second prong of the anti-SLAPP test because the claim for

6    fraudulent misrepresentation is barred by the litigation privilege set forth in California Civil Code

7    § 47, subd. 2. This subdivision immunizes participates from liability for torts other than malicious

8    prosecution based on publications made in judicial proceedings. *Temple Cmty. Hosp. v. Superior*

9    *Court*, 20 Cal.4th 464, 471 (1999); *see also Carden v. Getzoff*, 190 Cal. App. 3d 907, 913 (1987)

10   (applying litigation privilege to bar claims based on allegations of perjury).

11         Sotoodeh does not dispute that the litigation privilege applies. Instead, Sotoodeh cites to

12   several ADA and Unruh Act decisions addressing lack of standing, including but not limited to:

13   *Molski v. Kahn Winery*, 405 F. Supp. 2d 1160 (C.D. Cal. 2005) (dismissing ADA suit brought by

14   frequent filer for lack of standing); *Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939 (9th Cir.

15   2011) (holding that ADA plaintiff failed to allege injury-in-fact in that plaintiff failed to identify

16   what the ADA barriers were or how they related to plaintiff's disability and denied him "full and

17   equal" access to store); *Ervine v. Desert View Reg'l Med. Ctr. Holdings*, 753 F.3d 862 (9th Cir.

18   2014) (holding that ADA complaint was jurisdictionally defective because plaintiff did not

19   express any intent to return to allegedly noncompliant medical facility); *Vogel v. Sym Props.*, 2017

20   WL 4586348, at *3-4 (C.D. Cal. Aug. 4, 2017) (holding that plaintiff's allegations were too

21   conclusory to establish standing for ADA claim). The litigation privilege, however, bars

22   Sotoodeh's Counterclaim, notwithstanding the unrefuted affidavits of the business owners and the

23   legal authority cited above. *See Carden*, 190 Cal. App. 3d at 915 (applying litigation even if

24   allegations of perjury were true). Even if the allegations of misrepresentation are true, Sotoodeh

25   has other potential remedies. "Regulatory, criminal, and disciplinary sanctions, as well as

26   legislative measures and sanctions available to litigants within the scope of the original lawsuit,

27   CASE NO.: 5:20-CV-06150-EJD
     ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL
28   ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE
     FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES

1 frequently are of more utility than tort litigation in accomplishing the goals of deterring and
2 punishing litigation-related misconduct." *Temple*, 20 Cal.4th at 471.  More specifically, Sotoodeh
3 may, if appropriate, pursue a malicious prosecution claim after prevailing in this case and/or seek
4 sanctions under Federal Rule of Civil Procedure 11.

## IV.   CONCLUSION

Plaintiff's motion to strike the Counterclaim is GRANTED.  The Court lifts the stay of discovery imposed by General Order 56 because Sotoodeh's pleadings, the affidavits, and the shelter-in-place restrictions in place during the relevant time raise a serious factual challenge to Plaintiff's standing, and hence the Court's subject matter jurisdiction.  The stay of discovery is lifted for the limited purpose of completing Plaintiff's deposition.  The parties are excused from conducting the joint site inspection and satisfying related deadlines until after the deposition has been completed.  The deposition shall be conducted at a mutually convenient date and time after the parties have exchanged initial disclosures, and no later than April 2, 2021.  Thereafter, the parties shall meet and confer to schedule the joint site inspection and complete the remaining requirements stated in General Order 56.

**IT IS SO ORDERED.**

Dated: February 24, 2021

EDWARD J. DAVILA
United States District Judge

CASE NO.: 5:20-CV-06150-EJD
ORDER GRANTING MOTION TO STRIKE COUNTERCLAIM; LIFTING GENERAL ORDER 56 STAY OF DISCOVERY FOR LIMITED PURPOSE; EXTENDING DEADLINE FOR COMPLETING JOINT SITE INSPECTION AND RELATED DEADLINES